## COLBERG v. EL BANCO TERRITORIAL Y AGRÍCOLA.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 95.—Resuelto en mayo 11, 1907.

HIPOTECA EN GARANTÍA DE OBLIGACIONES TRANSFERIBLES POR ENDOSO.—Los pagarés librados *á la orden* son obligaciones transferibles por endoso, y constituída una hipoteca en garantía de tales pagarés, el derecho hipotecario se entenderá transferido con la obligación, ya se haya contraído ésta por simples particulares, ya por compañías de ferrocarriles, bancos ú otras corporaciones.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Díaz Navarro.*

Abogado del apelado: *Sr. Juan Guzmán Benítez.*

EL JUEZ ASOCIADO SR. HERNÁNDEZ emitió la opinión del tribunal.

Con fecha 13 de marzo de 1906, Don Rodolfo Colberg y Pabón, vecino de Cabo Rojo, interpuso demanda ante la Corte de Distrito del Distrito Judicial de Mayagüez contra el Banco Territorial y Agrícola de Puerto Rico, con súplica de que en su día se dictara sentencia declarando la nulidad de la postergación de dos hipotecas, otorgadas por Don Pedro F. Colberg en escrituras públicas de 1º. de octubre de 1901 y 21 de

diciembre del mismo año para garantir obligaciones á favor
de Don Severiano Ramírez trasmisibles por endoso, cuya pos-
tergación respecto de otra hipoteca constituída por la Com-
pañía Salinera "Candelaria y Fraternidad," á favor del
Banco Territorial y Agrícola de Puerto Rico, mediante escri-
tura pública de 31 de enero de 1903, había sido consentida en
esa escritura por Don Pedro F. Colberg, como apoderado de
Don Severiano Ramírez, interesando además el demandante
la nulidad de la inscripción de dicha postergación en el regis-
tro de la propiedad, como también la cancelación de ella y la
de las notas de postergación puestas al margen de las inscrip-
ciones de hipotecas afectadas por la postergación.

Don Rodolfo Colberg y Pabón alegó como hechos deter-
minantes de su acción los siguientes:

1°. Que por escritura pública otorgada en Mayagüez ante
el notario Don José de Diego en 1°. de octubre de 1901, Don
Pedro F. Colberg confesó adeudar á Don Severiano Ramírez
la suma de cinco mil pesos, que se obligó á pagarle con el in-
terés del uno por ciento mensual, por partidas de mil pesos,
en cinco plazos distintos, á vencer en los días 1°. de enero,
abril, julio y octubre de 1902 y enero de 1903, otorgándole por
cada uno de dichos plazos un pagaré de mil pesos á la orden,
y garantizando el importe total de esos pagarés y quinientos
pesos más para costas y gastos, en caso de reclamación judi-
cial, con hipoteca sobre una acción de dominio de las 31 en
que se hallaban divididas las fincas salineras "Candelaria y
Fraternidad," cuya escritura había sido inscrita en el Regis-
tro de la Propiedad de San Germán.

2°. Que por otra escritura también inscrita en el men-
cionado registro y otorgada en Mayagüez ante el notario Don
Mariano Riera el 21 de diciembre de 1901, Don Pedro F. Col-
berg confesó deber á Don Severiano Ramírez la suma de ocho
mil pesos, que se comprometió á pagarle con el interés del uno
por ciento mensual en seis plazos de mil pesos cada uno, á ven-
cer en los días 21 de febrero, abril, junio, agosto, octubre y di-
ciembre de 1902, y en otro plazo de dos mil pesos á vencer en

21 de junio de 1903, otorgándole por cada uno de dichos plazos un pagaré á la orden y garantizando el importe total de esos pagarés y quinientos pesos más para costas y gastos, en caso de reclamación judicial, con hipoteca sobre dos acciones de condominio de las 31 en que estaban divididas las expresadas fincas salineras "Candelaria y Fraternidad."

3°. Que en 2 de abril de 1902 Don Severiano Ramírez trasmitió por endoso al demandante Don Rodolfo Colberg y Pabón los cinco pagarés garantizados con hipoteca por la escritura ya mencionada de 1°. de octubre de 1901, y también los pagarés vencibles en 21 de octubre y 21 de diciembre de 1902 y 21 de junio de 1903, de los garantizados con la hipoteca constituída por la escritura de 21 de diciembre de 1901 de que se deja hecho mérito.

4°. Que por escritura otorgada ante el notario Don Juan de Guzmán Benítez en 31 de enero de 1903, la sociedad agrícola colectiva denominada Compañía Salinera "Candelaria y Fraternidad," recibió á préstamo del Banco Territorial y Agrícola de Puerto Rico la suma de cuarenta mil pesos, pagaderos en diez y siete anualidades iguales, divididas en treinta y cuatro semestres, con el interés del nueve por ciento anual, cuya deuda con sus intereses resultó ser de setenta y nueve mil quinientos veinte y un pesos con veinte y ocho centavos, que habían de ser satisfechos á razón de dos mil trescientos cuarenta pesos con noventa y dos centavos en 31 de julio de 1903, en 30 de enero y 31 de julio de los años siguientes hasta 1919, y en 30 de enero de 1920, pactándose que, vencido un plazo, devengaría el cuarto por ciento de interés mensual, y vencidos dos, quedaría vencida toda la obligación, la que fué garantizada con hipoteca sobre las dos predichas fincas "Candelaria" y "Fraternidad."

5°. Que no obstante haber traspasado por endoso Don Severiano Ramírez al demandante Don Rodolfo Colberg y Pabón en 2 de abril de 1902 los ocho pagarés á que se deja hecho referencia, el propio Don Severiano Ramírez, representado por Don Pedro F. Colberg, postergó las dos hipotecas consti-

tuídas por el mismo Colberg á favor del Ramírez á la constituída á favor del Banco Territorial y Agrícola, verificándose la postergación por la misma escritura pública de 31 de enero de 1903, la que fué inscrita en el registro de la propiedad, como también se tomó nota de la mencionada postergación al margen de las inscripciones de las dos hipotecas postergadas.

6º. Que el demandante Colberg y Pabón no autorizó ni consintió semejante postergación, y que en la escritura de 31 de enero de 1903 no se hizo constar que las hipotecas que se posponían estaban otorgadas en garantía de pagarés trasmisibles por endoso y otorgados á la orden de Don Severiano Ramírez, ni qué pagarés de esos tenía Ramírez en su poder.

A la demanda interpuesta opuso el Banco Territorial y Agrícola, como excepción previa, la de que aquélla no aducía hechos suficientes para determinar una causa de acción, por cuanto no se alega que se haya otorgado escritura alguna por Don Severiano Ramírez, cediendo su derecho hipotecario á Don Rodolfo Colberg, cuya escritura debía ser inscrita en el registro de la propiedad para que produjera efecto en cuanto á tercero, como lo es la parte demandada, sin que pueda invocarse en contrario el artículo 153 de la Ley Hipotecaria que se refiere á obligaciones transferibles por endoso y á títulos al portador garantizados con hipoteca, obligaciones y títulos, cuya expedición constituye privilegio de las compañías de obras públicas, bancos y corporaciones, que se rigen por las leyes especiales de su creación ó por estatutos que les autorizan para tales emisiones.

Discutida por las partes la moción ante dicha, fué declarada sin lugar por resolución de 23 de mayo de 1906, concediéndose al demandado el término de diez días para contestar la demanda.

La sociedad bancaria demandada, al contestar la demanda, hizo una relación detallada de los hechos que precedieron al otorgamiento de la escritura de 31 de enero de 1903 en que se verificó la postergación de hipotecas, cuya nulidad solicita Don Rodolfo Colberg y Pabón y concluyó con la súplica de que

se desestimara la demanda, y en el caso de considerar eficaz y válido el traspaso de las hipotecas de Don Severiano Ramírez á favor de Colberg y Pabón, fuera condenado éste último á indemnizar al banco con la cantidad de quince mil dollars por daños y perjuicios, con las costas del pleito también á su cargo.

La misma parte demandada sintetiza sus alegaciones en las siguientes conclusiones de hecho:

1°. Que por escritura pública de 8 de enero de 1895, inscrita en el registro de la propiedad, los dueños de las salinas de Cabo Rojo "Candelaria y Fraternidad," figurando entre ellos Don Severiano Ramírez y Colberg, constituyeron sobre dichas salinas una hipoteca, para garantir con sus intereses el crédito de setenta mil pesos de la moneda entonces corriente que confesaron adeudar al Banco Territorial y Agrícola, siendo condición de la hipoteca que ésta había de ser primera y preferente á todo otro gravamen extraño, según disponen los estatutos del banco, y había de subsistir hasta que fuera íntegramente satisfecha del crédito reconocido.

2°. Que por escritura pública otorgada en 12 de julio de 1901, Don Juan Colberg y Cuesta, uno de los condueños de las salinas, vendió dos de las 31 acciones de que se formaban, á Don Rodolfo Colberg y Pabón, hoy demandante, quedando en todo su vigor el contrato hipotecario á favor del banco, cuyas condiciones, por tanto, tuvo que aceptar el adquirente Colberg y Pabón.

3°. Que por escritura pública de 1°. de octubre de 1901, Don Pedro F. Colberg, otro accionista de las salinas, obligado al banco por el mismo contrato hipotecario ya expresado, hipotecó una de sus acciones á favor de su consocio en las salinas, Don Severiano Ramírez, para asegurar el pago de cinco mil pesos, firmando á la orden del acreedor Ramírez los cinco pagarés que se mencionan en la demanda, sin que en dicha escritura, ni tampoco en su inscripción, se consigne que la hipoteca se constituía también á favor de las personas á quienes fueran endosados los pagarés.

4°. Que por escritura de 21 de diciembre de 1901, el mismo Don Pedro F. Colberg reconoció deber á Don Severiano Ramírez la suma de ocho mil pesos, suscribiendo á favor y orden del acreedor, Ramírez, los siete pagarés que se expresan en la demanda, y constituyendo para asegurar su pago gravamen hipotecario sobre otras dos acciones que tenían en las salinas "Candelaria y Fraternidad," sin que en dicha escritura ni en su inscripción se consignara que la hipoteca era extensiva á las personas á quienes fueran endosados los pagarés.

5°. Que promovida ejecución por el banco en septiembre de 1902 ante el Tribunal del Distrito de Mayagüez para el cobro de su crédito hipotecario, solicitó fueran requeridos de pago los condueños de las salinas hipotecadas, entre estos, el demandante Don Rodolfo Colberg, habiéndose verificado en el siguiente mes de octubre los requerimientos ordenados.

6°. Que para salvar la situación de las salinas y para levantar recursos con que satisfacer al banco su crédito hipotecario, se constituyó en 31 de diciembre de 1902 la compañía salinera "Candelaria y Fraternidad," entre cuyos socios figuraban como condueños Don Pedro F. Colberg, Don Severiano Ramírez y el mismo demandante Don Rodolfo Colberg con su esposa Doña María Castora Ramírez y Colberg, hermana de Don Severiano, cuyas personas, en unión de los demás socios, todos con el carácter de colectivos, declararon en la cláusula 3ª. de dicha escritura que la sociedad sólo aceptaba como gravamen sobre la totalidad de las fincas la hipoteca á favor del Banco Territorial y Agrícola, y autorizaron expresamente á los gestores para contratar un préstamo hipotecario ó cualquiera otra operación con garantía real, á fin de proveerse de la cantidad necesaria para salvar la situación de las salinas en el procedimiento seguido por el Banco, con el cual podrían concertar cualquier convenio hipotecariamente garantido.

7°. Que en virtud de las facultades concedidas por dicha escritura y por los acuerdos de los socios, entre éstos, el demandante Don Rodolfo Colberg y Pabón, fué concertado un

nuevo contrato hipotecario con el Banco Territorial y Agrícola, á fin de tener más cómodo plazo para pagar la hipoteca anterior, y en ese convenio se estipuló que la hipoteca fuera primera y preferente, hasta el punto de que, de no ser así, quedaría rescindido el contrato con todas las concecuencias que de tal rescisión se derivaran.

8º. Que como consecuencia de tales convenios, formalizóse la escritura de préstamo con hipoteca y postergación de otras el día 31 de enero de 1903, figurando en la misma Don Pedro F. Colberg, como apoderado de Don Severiano Ramírez, en cuyo nombre postergó las hipotecas de éste á la del banco, queriendo y consintiendo que se efectuase tal postergación en el registro de la propiedad.

9º. Que el poder concedido por Ramírez á Colberg para la postergación de sus hipotecas, fué otorgado en 25 de enero de 1903, y no estimándose bastante ese poder para que la postergación pudiera inscribirse en el registro, el mismo Don Severiano Ramírez y su esposa Doña Isolina Marín ratificaron dicha postergación en escritura pública de 25 de abril de 1903, con lo cual quedó inscrita la hipoteca del banco con la postergación el día 27 del mismo mes.

10º. Que el Banco Territorial y Agrícola, sin cancelar la primera hipoteca, que no está pagada mientras no se pague la posteriormente constituída, cesó, sin embargo, en la ejecución que para el cobro de aquélla seguía, por habérsele demostrado que la nueva hipoteca llenaba las condiciones estipuladas, especialmente la relativa á la preferencia de gravámenes, y por ese mismo motivo no utilizó el derecho que el contrato le reconoce de rescindirlo.

11º. Que habiendo dejado la compañía salinera "Candelaria y Fraternidad" de cumplir con las condiciones de pago estipuladas en las escritura de 31 de enero de 1903, comenzó el Banco Territorial y Agrícola procedimiento sumarísimo ante la Corte de Distrito de Mayagüez para el cobro de lo que se le adeudaba, habiéndose ordenado por dicha corte que fueran requeridos de pago los deudores, y como resultaran del

registro dos hipotecas sobre las salinas á favor de Don Severiano Ramírez, cuyas hipotecas eran posteriores á la del banco, en virtud de la postergación convenida, solicitó el Banco y decretó aquella corte que el requerimiento ordenado en 10 de noviembre de 1905 se notificara á Don Severiano Ramírez en concepto de acreedor por responsabilidades posteriores á la del banco, como así se efectuó, sin que Don Severiano Ramírez manifestase que él había transferido sus hipotecas al demandante Don Rodolfo Colberg.

12°. Que después de anunciarse por edicto la subasta de las salinas, se celebró dicho acto en el día fijado, ó sea el 12 de febrero de 1906, encontrándose presente Don Severiano Ramírez, sin que tampoco entonces hiciera manifestación alguna en el sentido de haber cedido sus hipotecas á Don Rodolfo Colberg ú otra persona.

13°. Que la existencia á favor del demandante de hipotecas preferentes á la del Banco Territorial y Agrícola determinaría una violación por parte de aquél del convenio celebrado por el Banco y la compañía salinera "Candelaria y Fraternidad" de la que era miembro Don Rodolfo Colberg, convenio consistente en que la hipoteca del banco, que se constituyó por escritura de 31 de enero de 1903, habría de tener la condición de primera y preferente, sin más excepción que la otra hipoteca del mismo Banco constituída por escritura de 8 de enero de 1895, determinando aquella violación un perjuicio al demandado valorable en quince mil dollars, ó sean nueve mil dollars que el banco habría de pagar á Don Rodolfo Colberg, á título de acreedor hipotecario preferente, y seis mil dollars más que montan los gastos y costas del presente pleito y los perjuicios derivados del mismo por entorpecerle la realización de las fincas salineras.

El demandado negó específicamente el hecho establecido en la demanda de que el endoso de los ocho pagarés de que se trata, se hiciera realmente en el día que indica el demandante, ó sea en 2 de abril de 1902.

Celebrado el juicio en 16 de agosto del año próximo pasado, la corte después de oir las pruebas y las alegaciones de las partes, dictó sentencia en 21 del propio mes, por la que declara que la ley y los hechos están en contra del demandante, y por tanto, decreta y ordena que éste nada obtenga de la parte demandada, la que queda libre de toda responsabilidad respecto de la demanda, absolviendo al demandante de la reconvención establecida por el demandado é imponiendo las costas á dicho demandante.

La opinión de la corte inferior que fundamenta su sentencia dice así:

"La corte, después de oir la evidencia introducida en este caso y las alegaciones de las partes litigantes, es de opinión que la ley y los hechos están en contra de la parte demandante, pues es tal el orden natural y lógico encadenamiento de los hechos en litigación ocurridos desde la constitución del primer gravamen hipotecario á favor del banco demandado hasta el acto jurídico de la posposición de la hipoteca establecida para garantir las obligaciones trasmisibles por endoso, ocho de las cuales lo fueron á dicho demandante por el primitivo acreedor Don Severiano Ramírez, en cuyo lugar y grado queda subrogado dicho demandante á todos los efectos legales, interviniendo de un modo directo en el desarrollo de aquellos hechos como condueño de las salinas, que no puede ahora volver válidamente contra actos propios solemnemente consentidos por él, ni alegar en su carácter de acreedor que ignoraba aquello que le era notoriamente conocido como condueño, y á cuya realización cooperó directamente junto con los demás condueños y á sabiendas del propósito, fin y objeto que perseguía la nueva sociedad salinera de que formaba parte cerca del banco, de tal modo y en circunstancias tan críticas y apremiantes para los intereses de dicha sociedad, que la conclusión lógica y evidente que se infiere y deduce con arreglo á la ley y á los hechos, no es otra sino la de que la voluntad deliberada del demandante y, por tanto, su consentimiento para el acto jurídico de la posposición de la hipoteca á que se acude, se encuentran, desde luego, implicadas en el desarrollo de los hechos y los actos anteriores y simultáneos realizados por dicho demandante. Siendo, pues, un hecho probado á satisfacción plena de la corte que el demandante convino, consintió y aceptó la posposición de la hipoteca, cuya nulidad se reclama, dicho demandante carece ahora de derecho para oponerse á las consecuencias·

legales engendradas por sus propios y manifiestos actos, y, por tanto, se declara sin lugar la demanda, disponiéndose que el referido demandante Don Rodolfo F. Colberg no obtenga ni recobre nada del Banco demandado, quien, por virtud de esta sentencia, queda libre de toda responsabilidad y que dicho demandante pague las costas del juicio.   Por tanto y como consecuencia de este pronunciamiento, se absuelve á dicho demandante de la reconvención establecida por el demandado, ordenándose se libre el oportuno mandamiento para la efectividad de esta sentencia. Mayagüez agosto 21 de 1906.—Isidoro Soto Nussa.—Juez de la Corte de Distrito de Mayagüez.''

Contra la sentencia expresada interpuso la representación de Don Rodolfo Colberg y Pabón recurso de apelación, que hoy pende de decisión ante esta Corte Suprema, después de vistas y oídas las alegaciones escritas y orales de ambas partes.

Las cuestiones legales derivadas de los hechos alegados por las partes, pueden sintetizarse en las siguientes:

1ª. ¿Es de aplicación el artículo 153 de la Ley Hipotecaria á los pagarés á la orden que en 1º. de octubre y 21 de diciembre de 1891 firmó Don Pedro F. Colberg á favor y orden de Don Severiano Ramírez, hipotecando para asegurar su pago acciones de condominio que le correspondían en las fincas salineras ''Candelaria y Fraternidad?''

2ª. ¿Deben reputarse endosados con relación al banco por Don Severiano Ramírez á favor de Don Rodolfo Colberg los ocho pagarés de que se trata en la demanda en la misma fecha que expresa el endoso, 2 de abril de 1902, con anterioridad á la escritura de 31 de enero de 1903?

3ª. ¿En el caso de que los endosos deban reputarse hechos respecto del banco en 2 de abril de 1902 ó con anterioridad al 31 de enero de 1903, puede Don Rodolfo Colberg sostener la preferencia de su derecho hipotecario con relación al del banco, constituído por escritura pública de 31 de enero de 1903?

En cuanto á la primera cuestión, opinamos, desde luego, que el artículo 153 de la Ley Hipotecaria es aplicable al caso que se debate.

Ese artículo dice así:

"En la hipoteca constituída para garantir obligaciones trans-feribles por endoso ó títulos al portador, cuando se enagene ó ceda el derecho hipotecario, se entenderá éste transferido con la obligación ó con el título, sin necesidad de dar de ello conocimiento al deudor, ni de hacerse constar la transferencia en el registro."

Los pagarés librados por Don Pedro F. Colberg á la orden de Don Severiano Ramírez, son documentos transferibles por endoso; y constituída hipoteca en garantía de esos pagarés, es de aplicación al caso el precepto ya transcrito de la Ley Hi-potecaria, que está concebido en términos generales y no esta-blece distinción alguna entre obligaciones transferibles por endoso, ya se contraigan éstas por simples particulares, ya por compañías de ferrocarriles, bancos ú otras corporacio-nes. Esa doctrina está conforme con el fin perseguido por la Ley Hipotecaria en la redacción de dicho artículo, que no es otro sino movilizar las garantías que pueden constituirse sobre la propiedad inmueble, facilitando así su ingreso en las transacciones comerciales, y ha sido además, si no expresa, implícitamente sancionada por el Tribunal Supremo de Es-paña en sentencia de 3 de febrero de 1883 y por resolución de la dirección general de los registros de 23 de junio de 1888.

Ocioso se hace considerar la segunda cuestión, atendidos los términos en que viene resuelta la tercera por la corte sentenciadora, la que por el resultado de las pruebas practi-cadas ha estimado que el demandante convino, consintió y aceptó la posposición de su hipoteca con relación á la del Banco Territorial y Agrícola.

Nada ha alegado la parte apelante contra la apreciación de las pruebas hechas por la corte inferior; y ante esa apre-ciación, que nosotros admitimos como ajustada á los hechos resultantes del juicio, es claro que Don Rodolfo Colberg y Pa-bón no puede ir hoy contra sus propios actos y tiene que suje-tarse á las consecuencias legales de los mismos, reconociendo la subsistencia de la postergación cuyo nulidad solicita en la demanda.

*En resumen:* Si bien el artículo 153 de la Ley Hipotecaria es de aplicación á los pagarés que expidió y garantizó con hipoteca Don Pedro F. Colberg á favor y orden de Don Severiano Ramírez, quién endosó ocho de ellos al demandante Don Rodolfo Colberg y Pabón, tales endosos aún en el supuesto de que se hubieran hecho en 2 de abril de 1902, según se afirma en la demanda y se niega en la contestación, no serían causa de acción para que Don Rodolfo Colberg pudiera reclamar la preferencia de su hipoteca sobre la del banco, con arreglo al axioma jurídico de que nadie puede ir contra sus propios actos.

Por las razones expuestas, procede la confirmación de la sentencia apelada con las costas del recurso al apelante Don Rodolfo Colberg y Pabón.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados, Figueras, MacLeary y Wolf.