FRANCISCO DÁMASO GODREAU Y DUFAU, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE GUAYAMA, recurrido.

No. 700.—*Sometido:* Enero 13, 1928. *Resuelto:* Enero 31, 1928.

1. HIPOTECAS—REGISTRO E INSCRIPCIÓN—DENEGATORIA DE INSCRIPCIÓN O DEFECTOS INSUBNABLES—HIPOTECAS GARANTIZANDO OBLIGACIONES TRANSFERIBLES POR ENDOSO—OMISIÓN DE INSERTAR COPIA LITERAL DE LA OBLIGACIÓN.—En las hipotecas garantizando obligaciones transferibles por endoso, no es necesario insertar en la escritura copia literal del pagaré o pagarés para cuya garantía aquéllas se constituyen, pero es buena práctica hacer esa inserción.

2. HIPOTECAS—REGISTRO E INSCRIPCIÓN—DENEGATORIA DE INSCRIPCIÓN O DEFECTOS INSUBSANABLES—HIPOTECAS GARANTIZANDO OBLIGACIONES TRANSFERIBLES POR ENDOSO—OMISIÓN ·DE IDENTIFICAR LA OBLIGACIÓN EN EL CONTRATO.—Aún cuando en las hipotecas constituídas para garantizar obligaciones transferibles por endoso no es necesario identificar ʼéstas en forma alguna, sin. embargo, atendida la escritura de hipoteca de que se trata en este caso, *se resolvió,* que en ella aparece suficientemente identificado el pagaré garantizado con la hipoteca.

Nota de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de hipoteca garantizando obligaciones tranferibles por endoso. *Revocada.*

*José Tous Soto,* abogado del recurrente; el registrador, recurrido, compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Don Francisco Dámaso Godreau y Dufau otorgó escritura pública el 30 de septiembre de 1927 en la que manifestó haber suscrito ese día un pagaré al portador por la suma de $15,000, que vencerá el 30 de septiembre de 1937, con el interés del 10 por ciento anual pagadero por meses vencidos; y para garantía de su pago constituyó hipoteca sobre los bienes reseñados en la escritura.

El Registrador de la Propiedad de Guayama se negó a inscribir esa hipoteca fundándose en que la obligación que ella garantiza no se identifica en forma alguna, ni se transcribe a los efectos de determinar si por su forma es identificable. No conforme con esa negativa el Sr. Godreau interpuso este recurso gubernativo.

[1] No existe precepto alguno legal preceptivo de que en esa clase de hipoteca se inserte en la escritura copia literal del pagaré o pagarés para cuya garantía se constituye la hipoteca, por cuyo motivo no estuvo justificado el registrador recurrido al negarse a inscribir el documento por no haber sido transcrito en la escritura el pagaré hipotecario que garantiza la hipoteca, si bien recomendamos como buena la práctica seguida por muchos notarios de hacer tal inscripción en la escritura ya que el hacerlo así facilita su identificación a todas las personas que con el mismo hayan de tener alguna relación y especialmente a las que hayan de tomar dicho pagaré o pagarés, dándoles de ese modo la seguridad de que ese pagaré y no otro es el que está garantizado con la hipoteca. Algo similar a tal fin dijimos en el caso de *Ríos* v. *El Registrador,* 23 D.P.R. 683, pues ha-

biendo consignado un registrador como defecto subsanable en la inscripción de una hipoteca como la presente el hecho de no consignarse en el pagaré transcrito en la escritura que dicha obligación está asegurada con hipoteca, declaramos que aunque no era necesario consignar tal hecho en el pagaré por no exigirlo la ley, para mayor claridad sería conveniente en casos de esa naturaleza que después de otorgada la escritura de hipoteca se hiciera constar por el mismo notario al pie del documento garantizado dicho hecho.

[2] Con respecto a que la obligación garantizada no se identifica en forma alguna diremos que muy poco dice la Ley Hipotecaria y su reglamento sobre ese particular pues el artículo 153 de esa ley, según quedó enmendado por la ley número 33 de 1912, página 70 de las leyes de ese año, se limita a decir que en la hipoteca constituída para garantizar obligaciones transferibles por endoso o títulos del portador, cuando se enajene o ceda el derecho hipotecario, se entenderá éste transferido con la obligación o con el título, sin necesidad de dar de ello conocimiento al deudor ni de hacerse  constar la transferencia en el registro; y que todas las obligaciones podrán ser constituídas por el dueño de una finca o derecho, sin determinación específica del nombre del acreedor, otorgándola genéricamente a la orden de la persona a cuyo favor puedan ser transferidos o endosados los títulos quirografarios por el hipotecante: precepto que, según dijo este tribunal en el caso de *Colberg* v. *El Registrador,* 12 D.P.R. 329, es el que autoriza tal clase de hipoteca sin establecer distinción entre obligaciones transferibles por endoso, ya se contraigan éstas por simples particulares, ya por compañía de ferrocarriles, bancos u otras corporaciones.  Tampoco arroja luz sobre la cuestión que tratamos el artículo 82 de la ley citada, según quedó enmendado por la Ley No. 22 de 1923, página 219 de las de ese año, que es el otro que hace referencia a pagarés hipotecarios, pues se limita en ese extremo a decir en su párrafo último que

las inscripciones hechas para responder de cantidades representadas por títulos al portador o transmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento, los títulos endosables o al portador; y que si todos o algunos de dichos títulos se hubiesen extraviado, sólo podrán cancelarse dichas inscripciones por medio de mandamiento judicial creditivo de haber recaído sentencia firme, obtenida por el procedimiento ordinario del Código de Enjuiciamiento Civil, en que se declare haber quedado extinguidas dichas obligaciones; enmienda que no tiene otro alcance que el de suprimir la cancelación a virtud de solicitud firmada por dichos interesados y por el deudor acompañada de los referidos títulos taladrados, que autorizaba la ley antes de ser enmendada.

Como se ve, los artículos citados nada dicen con respecto a la forma en que en la escritura haya de hacerse referencia a dichos pagarés. Solamente el artículo 183 de su Reglamento dice, refiriéndose expresamente al artículo anterior 182 que trata de obligaciones hipotecarias al portador emitidas por las sociedades de obras públicas, que en esa clase de escrituras deberá expresarse el número y valor total de las acciones emitidas a cuyo favor se constituya la hipoteca; la serie o series a que correspondan; su numeración y el valor nominal de cada una de ellas; la fecha o fechas de la emisión; el interés que devenguen y las demás circunstancias que fijen y determinen la clase de títulos y valores, así como la cosa hipotecada, esto es si son las obras o los rendimientos de toda la línea o sólo de parte de ella; circunstancias que se harán constar en la inscripción.

Tampoco ese precepto ha sido promulgado para las hipotecas como las que motivan este recurso pero por su analogía con el caso que nos ocupa el recurrente hizo constar en su escritura de hipoteca dichas circunstancias en lo per-

tinentes, pues manifiesta en ella que ha suscrito un pagaré al portador; la fecha de su otorgamiento; la de su vencimiento; la cantidad por la cual se expide; el interés que devenga y cómo éste ha de ser pagado, por lo que entendemos que en la escritura aparece suficientemente identificado el pagaré garantizado con la hipoteca que se trata de inscribir.

Antes de concluir queremos hacer constar que el registrador recurrido llama nuestra atención al hecho de que dada la naturaleza de esta clase de hipotecas en las que el pagaré pasa fácilmente de unas manos a otras hay mucho peligro de fraude, como redactando otro pagaré que luego se da como el verdadero para la cancelación de la hipoteca, burlándose de ese modo al tenedor del pagaré verdadero, y que por esto los pagarés hipotecarios deben insertarse en la escritura y ser autorizados por el notario ante quien se otorga la escritura de hipoteca para que puedan ser fácilmente identificables. Es cierto que en esta clase de operaciones existe peligro de fraude, a tal punto que en la exposición de motivos de la Ley Hipotecaria del año 1861 para España se hizo una oposición fuerte a que se permitiera esa clase de hipotecas, pero a pesar de esto el Congreso español las autorizó pasando luego a nuestra ley vigente, que como hemos visto muy poco o nada trata sobre la forma de constituir esa clase de hipotecas, pero como no somos legisladores nada podemos agregar a la ley, aunque sí creemos que nuestra legislatura debe regular más específicamente esta materia de modo que esos pagarés sean de tal modo identificados que no puedan dar lugar a fraude ni que exista duda sobre su autenticidad, lo que seguramente redundará en beneficio del crédito territorial porque en esa forma será más fácil su trasmisión y el obtener dinero por ellos.

*La resolución apelada debe ser revocada* y ordenarse la inscripción de la hipoteca.