Banco Territorial y Agrícola de Puerto Rico, recurrente, v. El Registrador de la Propiedad de Guayama, recurrido.

No. 837.—*Sometido:* Marzo 30, 1931. *Resuelto:* Marzo 17, 1932.

*H. Torres Solá* y *F. García Veve,* abogados del recurrente; el registrador recurrido compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El Banco Territorial y Agrícola de Puerto Rico prestó a doña Fructuosa Garced $2,750. La operación se hizo constar en escritura pública en la que se dijo que la indicada suma quedaba representada por un pagaré que se transcribió en la escritura, valor al 2 de mayo de 1931, suscrito por doña Fructuosa y además solidariamente por don An-

gel González. En aseguramiento de la referida obligación, la Sra. Garced constituyó hipoteca voluntaria sobre cierta finca rústica, así:

"TERCERA.—Que para garantizar al expresado Banco del pago del importe del transcrito pagaré o a cualquier otro tenedor o endosatario del mismo, y para garantizar también a dicho Banco o endosatario que lo fuere de cualquier otro pagaré que aquél sustituya, por virtud de prórroga, sustitución o novación, o con motivo de cualquier obligación adicional que la misma deudora contraiga para con dicho Banco, o tenedor o tenedores por la prórroga, sustitución o novación de aquél, incluyendo intereses en casos de mora y un crédito adicional de DOSCIENTOS DÓLARES para el pago de costas, gastos y honorarios de abogado, en caso de reclamación judicial, doña Fructuosa Garced y Muñoz viuda de Sariego, constituye primera hipoteca voluntaria a favor del expresado Banco, o del o los que fueren tenedor o tenedores, como se deja dicho, sobre la finca rústica descrita en el apartado primero de esta escritura, la que se hace extensiva a cualquier otro edificio o mejora que en lo sucesivo se introduzca al inmueble gravado, hasta el total solvento de todas las obligaciones aquí contraídas y de las que en lo sucesivo contraiga la deudora a tenor de lo aquí estipulado, queriendo y consintiendo en que dicha hipoteca sea inscrita en el Registro de la Propiedad correspondiente y así permanezca hasta que la obligación que garantiza sea totalmente satisfecha."

Presentada la escritura para su inscripción en el registro, causó la siguiente nota:

"INSCRITO el presente contrato de hipoteca en cuanto al capital del préstamo que representa el pagaré transcrito y crédito adicional para costas y honorarios de abogado, al folio 183 vuelto del tomo 37 de Cidra, finca número 1565, inscripción 2ª; habiéndose DENEGADO y TOMADO en su lugar la correspondiente anotación preventiva por el término legal en favor del Banco acreedor, al folio, tomo e inscripción antes citados, en cuanto a los pactos que se establecen en la cláusula 3ª de la presente escritura, a partir de aquella parte en que se garantiza también al Banco acreedor o endosatario que lo fuere de la obligación garantizada, de cualquier otro pagaré que aquélla sustituya por los cuales se hace extensiva la hipoteca además del pagaré garantizado a cualquier otro pagaré que le sustituya por prórroga, sustitución o novación o a cualquiera obliga-

ción adicional de la misma deuda a favor del acreedor por la prórroga, sustitución o novación relacionada y los intereses de mora, por ser dichos pactos nulos y contrarios a derecho por las siguientes razones: 1º, porque a virtud de dichos pactos, las partes a su arbitrio pueden hacer imposible la identificación de las obligaciones garantizadas en perjuicio de tercero; 2º, porque las obligaciones garantizadas pueden llegar a ser indeterminadas; 3º, porque en lo que respecta a los intereses de mora, no se fija cantidad determinada para cubrir su garantía, y 4º, porque dentro de los términos de la misma cabe la novación de la obligación garantizada y las partes pretenden hacer a ella extensiva a la hipoteca constituída.''

No conforme el banco, interpuso el presente recurso gubernativo.

Parece conveniente comenzar aclarando el hecho de que el registrador no negó la inscripción del documento en cuanto a los tenedores y endosatarios del pagaré garantizado. La parte inscrita favorece tanto al banco acreedor como a sus sucesores en título sobre la obligación garantizada.

La verdadera cuestión en controversia es si debió o no inscribirse el documento en cuanto a las nuevas obligaciones en que pudiera transformarse la que de modo indubitado consta en el mismo.

El recurrente invoca fuertemente en su favor el caso de *Godreau* v. *Registrador de Guayama,* 37 D.P.R. 659. El registrador sostiene que en él sólo estuvo envuelta una cuestión de identificación. Creemos que el razonamiento en general del caso de Godreau debe ser tenido muy en cuenta, pero creemos también que tiene razón el registrador al sostener que sus hechos son distintos. Aquí en cuanto al pagaré representativo de la deuda, no surge cuestión alguna de identificación. Como que se transcribe en la escritura. La cuestión nueva que surge es la de si la hipoteca puede constituirse para garantizar también cualquier otro pagaré que sustituya al transcrito por virtud de *prórroga, sustitución o novación,* o con motivo de *cualquier obligación adicional que la misma deudora* contraiga con el banco, o te

nedor, o tenedores por la prórroga, sustitución o novación del mismo.

El artículo 153 de la Ley Hipotecaria para las Provincias de Ultramar de 1893 dispone:

"Art. 153.—En la hipoteca constituída para garantir obligaciones transferibles por endoso o títulos al portador, cuando se enajene o ceda el derecho hipotecario, se entenderá éste transferido con la obligación o con el título, sin necesidad de dar de ello. conocimiento al deudor ni de hacerse constar la transferencia en el Registro."

Ese artículo quedó redactado en la siguiente forma, a virtud de la Ley No. 33 de 1912, de la Asamblea Legislativa de Puerto Rico:

"Artículo 153.—En la hipoteca constituída para garantir obligaciones transferibles por endoso o títulos al portador, cuando se enajene o ceda el derecho hipotecario, se entenderá éste transferido con la obligación o con el título, sin necesidad de dar de ello conocimiento al deudor ni de hacerse constar la transferencia en el Registro.

"Tales obligaciones podrán ser constituídas por el dueño de una finca o derecho, sin determinación específica del nombre del acreedor, otorgándolas genéricamente a la orden de la persona a cuyo favor puedan ser transferidos o endosados los títulos quirografarios por el hipotecante."

La particularidad de este caso concreto sometido a nuestra consideración consiste en que la obligación puede llegar hasta a novarse y el gravamen continuar. No vemos por qué no pueda tener vida en el registro un contrato semejante. La finca gravada pertenece a su dueño. Este toma a préstamo cierta cantidad y para garantizar su pago grava su finca. A fin de movilizar el crédito se otorga un pagaré transmisible por endoso, susceptible de prorrogarse y novarse, quedando siempre en pie la garantía. La raíz es una. Podrá transformarse el pagaré, pero siempre tendrá que estar relacionado con el primitivo. Es sencillamente una extensión del principio y si la nueva obligación se redacta en debida forma y con plena claridad, fijando su origen, podrá

ser perfectamente conectada con la constituída previamente. Es el dueño el que tiene la libre disposición de sus bienes y no podemos ver nada ilegal en la forma en que gravó los suyos en este caso la Señora Garced.

Recuerda el registrador en su alegato que la especialidad es uno de los principios básicos de nuestro actual sistema hipotecario, y se refiere al artículo 144 de la Ley que dice:

"Art. 144.—Todo hecho o convenio entre las partes que pueda modificar o destruir la eficacia de una obligación hipotecaria anterior, como el pago, la compensación, la espera, el pacto o promesa de no pedir, la novación del contrato primitivo y la transacción o compromiso, no surtirá efecto contra tercero como no se haga constar en el Registro por medio de una inscripción nueva, de una cancelación total o parcial, o de una nota marginal, según los casos."

También al 181 de su Reglamento que expresa:

"Art. 181.—Conforme a lo dispuesto en el art. 144 de la ley, cuando el hecho o convenio entre las partes produzca novación total o parcial del contrato inscrito, se extenderá una nueva inscripción y se cancelará la precedente. Cuando dé lugar a la resolución e ineficacia del mismo contrato, en todo o en parte, se extenderá una cancelación total o parcial; y cuando tenga por objeto, bien llevar a efecto un contrato inscrito pendiente de condiciones suspensivas, o bien hacer constar el pago de parte de una deuda hipotecaria, se extenderá una nota marginal."

Tiene razón el registrador, pero no puede perderse de vista que aquí se trata de la interpretación del artículo 153 de la Ley, que se apartó en cierto modo del principio de la especialidad permitiendo la inscripción a favor de personas desconocidas para el registro. El artículo 144 de la Ley y el 181 del Reglamento están redactados por el legislador con el pensamiento puesto en el sistema hipotecario fundamental, no en la excepción a que hemos hecho referencia.

Si a virtud de lo realizado por las partes mismas surgen dificultades en el futuro con respecto a la identificación, a la ejecución de la deuda o a la cancelación del gravamen, ellas sufrirán las consecuencias de sus propios actos, pero

no pudiendo sostenerse que sea contrario a la ley ni a la política pública lo que aquí pactaron, nos decidiremos por resolver que su pacto es inscribible.

▮ Con respecto a lo que se consigna en la nota y en el alegato del registrador sobre intereses de mora, creemos en verdad que la garantía pudo ser más específica, pero ello no anula la obligación. Lo que falta lo suple la misma ley. Art. 114 de la Ley Hipotecaria. *Goyco* v. *Rodríguez*, 28 D.P.R. 530.

No hay duda alguna de la facultad que tienen los registradores para calificar los documentos antes de inscribirlos y de su deber de velar por la pureza, claridad y eficacia de los contratos en el ejercicio de esa facultad. De ello derivan un positivo beneficio no sólo los terceros sino las propias partes contratantes. Pero el poder no debe ejercitarse de modo que obstaculice la libre contratación.

*Por virtud de todo lo expuesto, debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*

El Juez Asociado Señor Aldrey disintió.*