Juan Mari Ramos, recurrente, v. El Registrador de la Propiedad de San Germán, recurrido.

No. 668.—*Sometido:* Enero 26, 1927. *Resuelto:* Marzo 15, 1927.

Hipotecas—Requisitos y Validez—Hipotecas para Garantizar Pagarés Transferibles por Endoso—Hipoteca que Garantiza Préstamo Representado por Pagaré Hipotecario.—Una hipoteca que garantiza un préstamo representado por un pagaré hipotecario a la orden del acreedor, debe entenderse constituída para garantizar una obligación transferible por endoso de acuerdo con el artículo 153 de la Ley Hipotecaria.

Nota de *Luis Capó Matres,* R. (San Germán), denegando inscripción de una hipoteca. *Revocada.*

*Rafael A. Saliva,* abogado del recurrente; *El Registrador* compareció por escrito.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El 27 de noviembre último comparecieron algunas personas ante el notario Emilio Forestier y otorgaron una escritura que comprende varios contratos. La escritura se presentó en el registro de la propiedad de San Germán. El registrador la inscribió en cuanto a algunos de los contratos y denegó la inscripción de cierta hipoteca constituída por el dueño de la finca a que la escritura se refiere, Temístocles Collado, a favor del recurrente Juan Mari Ramos.

Los fundamentos de la negativa pueden resumirse, como lo hace el recurrente en su alegato, así: 1, que por la cláusula 8 de la escritura el comprador constituye hipoteca voluntaria a favor de Juan Mari Ramos y por la 9 se dice que la deuda se representa por un pagaré hipotecario a la orden del acreedor Mari con 'privilegio de endoso; 2, que existe un doble juego de frases entre las cláusulas dichas, y 3, que la hipoteca no se ha constituído con la debida claridad.

La nota es larga y el registrador presentó además un alegato impugnando el del recurrente en el que sostiene que tal como se ha constituído la hipoteca se presta a que el crédito garantizado pueda cobrarse dos veces.

Las repetidas cláusulas 8 y 9 de la escritura, copiadas a la letra, dicen:

8a. "Para garantizar dicha deuda más cien dollars para costas en caso de ejecución, el citado Don Temístocles Collado constituye hipoteca voluntaria a favor de Don Juan Mari y Ramos sobre la finca que adquiere, y con cuyo gravamen permanecerá dicha propiedad mientras subsista la deuda.

9a. "La deuda se representa por un pagaré hipotecario a la orden del acreedor Señor Mari, con privilegio de endoso."

Y el artículo 153 de la Ley Hipotecaria tal como fué enmendado en 1912, Leyes de 1912, p. 70, expresa:

"En la hipoteca constituída para garantizar obligaciones transferibles por endosos o títulos al portador, cuando se enajene o ceda el derecho hipotecario, se entenderá éste transferido con la obligación o con el título, sin necesidad de dar de ello conocimiento al deudor ni de hacerse constar la transferencia en el Registro.

"Tales obligaciones podrán ser constituídas por el dueño de una finca o derecho, sin determinación específica del nombre del acreedor, otorgándolas genéricamente a la orden de la persona a cuyo favor puedan ser transferidos o endosados los títulos quirografarios por el hipotecante."

A nuestro juicio carece de fundamento la negativa del registrador. El documento pudo redactarse con mayor claridad y propiedad sin duda, pero tal como lo está es suficiente.

La hipoteca se constituyó para garantizar el préstamo y como éste "se representa por un pagaré hipotecario a la orden del acreedor señor Mari", que es una obligación transferible por endoso, claro es que la hipoteca debe entenderse constituída para garantir una obligación transferible por endoso.

El caso que supone el registrador o sea el de que pueda cobrarse la deuda cediendo la hipoteca y cobrarse otra vez cediendo el pagaré, no se concibe que pueda ocurrir. Todo el que lee el documento sabe que sólo existe una obligación.

Nadie estaría dispuesto a adquirir la hipoteca, si no se le entregara el pagaré representativo del crédito.

La forma contractual autorizada por la ley tiende a facilitar las transacciones permitiendo al crédito entrar en el comercio y ser trasmitido sin tener que otorgar en cada caso un documento notarial y sin tener tampoco que anotar cada trasmisión en el registro. Unas cuantas palabras escritas en el documento mismo y la trasmisión de éste son bastantes y a su vez el documento lleva a su adquirente todas las garantías de la hipoteca.

*Debe revocarse la nota en la parte en que ha sido recurrida y ordenarse la inscripción solicitada.*