JORGE LUIS PORRAS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN PRIMERA, recurrido.

Núm. 1093.—*Sometido:* Noviembre 3, 1941. *Resuelto:* Diciembre 11, 1941.

*Arturo O'Neill,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Don Gabriel Palerm y su esposa constituyeron hipoteca sobre una finca urbana de su propiedad, para garantir un pagaré hipotecario al portador, por la suma de $10,000. Habiendo los deudores dejado de pagar los intereses estipulados, don Demetrio Latoni, tenedor del pagaré, ejecutó la hipoteca, siéndole adjudicada la finca hipotecada, por la suma de $2,000. Dueño ya de la finca a virtud de dicha adjudicación, el Sr. Latoni la vendió a José Gutiérrez Sosa, quien a su vez la transfirió a Jorge Luis Porras, el aquí recurrente.

En junio 19 de 1941, Jorge Luis Porras solicitó del Registrador de la Propiedad de San Juan, Sección Primera, la cancelación de la hipoteca, por confusión de derechos de acreedor y deudor, debiendo hacerse dicha cancelación mediante nota al margen de la inscripción de la hipoteca.

La solicitud de cancelación fué .denegada por el registrador mediante la nota recurrida, que lee así:

"Denegado por no haberse acreditado que el pagaré representativo de la hipoteca haya sido inutilizado o se haya consignado en él

la reducción correspondiente, tomándose anotación por 120 días a los efectos legales, al folio 36, tomo 65 de Santurce, finca 1069, inscripción 6a. por nota.''

Alega el recurrente que en una escritura de venta judicial no es necesario hacer constar la cancelación del pagaré determinante de la ejecución y que sólo se debe consignar la cantidad que paga el comprador por la finca objeto del remate, y en caso de adjudicación al acreedor, la suma por la cual se adjudica la finca; que cuando la adjudicación se hace por suma menor que la del importe del pagaré, es imposible hacer constar, como pretende el registrador, la destrucción del pagaré, pues no parece razonable que se exija al dueño del pagaré que lo destruya, pues al hacerlo así destruiría la evidencia de un crédito a su favor por la suma no satisfecha; que no existe ninguna ley que disponga ''que para cancelar una hipoteca constituída a base de un pagaré hipotecario al portador sea suficiente que se haga constar en éste la cantidad en que ha sido la finca adjudicada''; que la nota recurrida infringe los preceptos del artículo 82, segundo párrafo, y artículo 79, párrafo cuarto, de la Ley Hipotecaria, según fueron enmendados en 1923 (Ley núm. 20 de 1923, (1) pág. 213) y 1936 (Ley núm. 18 de 1936, (2) pág. 145); que el principio de que cuando una finca hipotecada pasa por venta, ya privada o ya en subasta pública, a manos del acreedor hipotecario, la hipoteca cesa ipso facto de existir, está reconocido por la jurisprudencia española desde antes de que existiera nuestra Ley Hipotecaria; que para cancelar una inscripción de hipoteca constituída sobre finca que pase a ser del mismo acreedor hipotecario debe bastar con que se presente la escritura de venta otorgada a su favor, sin que sea necesario el consentimiento del interesado o interesados en la inscripción; que en el caso de adjudicación de la finca al acreedor hipotecario, lo único que procede es extender una inscripción de dominio a favor del adjudicatario, inscripción que envuelve necesariamente la extinción de la hipoteca por confusión, o sea por ministerio de la ley, aunque conviene

para dar claridad al Registro que se consigne al margen de la inscripción hipotecaria que ésta ha quedado extinguida, con nota de referencia a la inscripción de la adjudicación; y que todos estos principios y reglas son igualmente aplicables cuando se trata de créditos hipotecarios constituídos en favor de los tenedores de obligaciones al portador o transmisibles por endoso.

El registrador recurrido admite la existencia del derecho del recurrente a solicitar que se cancele la inscripción de la hipoteca ejecutada, pero insiste en que el ejercicio de ese derecho está condicionado por el cumplimiento de los preceptos legales del artículo 82 de la Ley Hipotecaria, según fué enmendado en el año 1923 (pág. 219) que provee lo siguiente:

"Las inscripciones hechas para responder de cantidades representadas por títulos al portador o trasmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan cobrado los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento, los títulos endosables o al portador. Si todos o algunos de dichos títulos se hubiesen extraviado, sólo podrán cancelarse dichas inscripciones por medio de mandamiento judicial creditivo de haber recaído sentencia firme, obtenida por el procedimiento ordinario del Código de Enjuiciamiento Civil, en que se declare haber quedado extinguidas dichas obligaciones."

La resolución del presente recurso depende en verdad de la interpretación que demos al estatuto que acabamos de transcribir.

El lenguaje del estatuto es claro y no deja en nuestro ánimo duda alguna en cuanto a la corrección de la nota recurrida. Una vez inscrita en el registro una hipoteca constituída en garantía de un pagaré transmisible por endoso o al portador, el registrador puede cancelar la inscripción solamente cuando se cumplan los siguientes requisitos: (a) presentación de la escritura otorgada por la persona que ha cobrado el crédito, y (b) en la escritura deberá constar que en el acto de su otorgamiento se inutilizó el título endosable

o al portador. El estatuto no establece distinción alguna entre el cobro del crédito por el acto voluntario de las partes y el cobro por la vía judicial. Y como donde la ley no distingue a nosotros nos está vedado distinguir, tenemos que llegar a la conclusión de que tanto en la escritura de cancelación otorgada por el acreedor a favor del deudor, al recibir de éste el importe del pagaré negociable, como en la escritura de venta judicial o de adjudicación que otorga el márshal a favor del acreedor hipotecario en pago de la totalidad o de parte de su crédito, deberá hacerse constar que el título representativo de la obligación y garantizado por la hipoteca ha sido inutilizado. El propósito evidente del legis lador ha sido el de proteger a todas aquellas personas a quienes pudiera serle endosado o entregado el pagaré después de haber sido satisfecho y cancelada la hipoteca que lo garantizaba.

La cuestión no es nueva en esta jurisdicción. En *Hernández* v. *El Registrador*, 44 D.P.R. 452, una corte de distrito ordenó al registrador que cancelase la inscripción de una hipoteca que había sido ejecutada. El registrador se negó a practicar la cancelación basándose en que de la orden de la corte no aparecía que el documento negociable garantizado por la hipoteca hubiese sido inutilizado, de acuerdo con lo prescrito por el artículo 82 de la Ley Hipotecaria, supra. Esta Corte Suprema sostuvo la nota del registrador, diciendo:

". . . . El significado de ese artículo, según aparece con más claridad en el texto español, es que el mismo documento negociable, si no se hubiese extraviado, debe ser marcado o sellado como cancelado, o inutilizado de algún otro modo visible. Lo que el juez de distrito dijo en su resolución fué sustancialmente que: 'Por cuanto' el gravamen hipotecario ha quedado cancelado por ejecución, 'Por Tanto' el pagaré garantizado por dicho gravamen también ha quedado cancelado y sin valor legal alguno. Esto no significa necesariamente que la cancelación se hubiera hecho constar mediante constancia escrita sobre el mismo pagaré, o que éste hubiera sido anulado o inutilizado de alguna otra forma visible.

"Al negarse a obedecer la resolución de la corte, el registrador no trató de calificar ninguna conclusión de aquélla, ni ninguna cuestión de derecho por ella resuelta. La resolución tampoco demostraba que el pagaré se hubiese extraviado o destruído, o que hubiera sido cancelado en la forma provista por el artículo 82 de la Ley Hipotecaria. Lo que el registrador hizo fué impugnar la autoridad del juez de distrito para ordenar la cancelación tomando los hechos aducidos en la resolución como fundamento de la misma. Si la resolución significaba que el pagaré mismo en realidad había sido 'cancelado' o inutilizado en la forma prescrita por el artículo 82 de la Ley Hipotecaria, debió haber contenido una constancia a ese efecto en lenguaje sencillo. El registrador estaba en lo cierto al negarse a asumir que se había cumplido el requisito estatutario."

El recurrente tiene indudablemente el derecho a solicitar la cancelación de la hipoteca. Pero el registrador está obligado a exigirle constancia de que el documento negociable ha sido inutilizado. La inutilización que exige la ley no es la destrucción física del papel en que está escrito el pagaré. Lo que se exige, a los efectos del registro, es que se haga constar en el documento que éste ha sido pagado total o parcialmente, según sea el caso, y que la hipoteca ha quedado cancelada por la adjudicación de la finca al acreedor. Y si la adjudicación al acreedor se ha hecho por una cantidad menor que el importe del pagaré, el acreedor podrá, después de cancelada la hipoteca que lo garantizaba, utilizar el documento como evidencia para reclamar sentencia por la parte que no le ha sido satisfecha. Lo importante es que ese documento no pueda seguir en circulación como pagaré hipotecario y ser utilizado para defraudar a tercero.

La nota recurrida debe ser confirmada.