FÉLIX DOMINICI GIULIANI, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

Núm. 1097.—*Sometido:* Enero 13, 1942. *Resuelto:* Enero 23, 1942.

*Enrique Báez García,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

El recurrente, Sr. Dominici y su esposa, tomaron a préstamo al Sr. Rosendo Quiñones la suma de $6,500, comprometiéndose a devolverle $500 en agosto de 1940 y los $6,000

restantes en agosto de 1944. En garantía de la deuda constituyeron hipoteca sobre una finca rústica de su propiedad; y como evidencia de las dos obligaciones otorgaron dos pagarés hipotecarios, uno por $500 y otro por $6,000, ambos a la orden del acreedor Quiñones.

En junio 9 de 1941, el deudor recurrente compareció ante un notario y otorgó una escritura de cancelación parcial de la hipoteca, en la que hizo constar que en esa misma fecha él había entregado a su acreedor la suma de $500 en satisfacción del pagaré por igual suma, y que su acreedor, Sr. Quiñones, le había entregado el pagaré por $500, marcado con el número uno. El párrafo *Quinto* de dicha escritura lee como sigue:

"QUINTO.—Don Félix Dominici Giuliani desea cancelar dicho pagaré y al efecto me hace entrega a mí el Notario del referido pagaré, el cual, yo el Notario fedante, después de identificarlo debidamente procedo a su inutilización, taladrándolo y estampando sobre la faz de dicho pagaré la palabra 'Cancelado,' en letras grandes, quedando por lo tanto dicho documento nulo y sin valor legal alguno, consintiendo dicho señor Dominici en la cancelación parcial de la hipoteca en cuanto al pagaré marcado con el número uno."

Presentada dicha escritura al registro para su inscripción, negóse el registrador a practicarla, consignando sus razones en la nota recurrida, que dice así:

"DENEGADA la cancelación parcial de hipoteca que comprende este documento, por observarse que según consta de su correspondiente inscripción, la hipoteca cuya cancelación se solicita garantiza dos pagarés marcados con los números uno y dos, ambos transferibles por endoso sin que se haya acreditado que el pagaré número uno respecto del cual se solicita la cancelación parcial de dicha hipoteca haya sido endosado o transferido en forma legal a favor del compareciente Félix Dominici Giuliani, tomándose en su lugar anotación preventiva por el término legal, al folio 7 del tomo 283 de Mayagüez, finca número 1989, anotación B."

Sostiene la representación del recurrente que no existe precepto de ley ni precedente alguno que sostenga el criterio del registrador, a lo que replica éste que su negativa encuen-

tra apoyo en la decisión de esta Corte Suprema en *Hau* v. *Registrador*, 58 D.P.R. 805, cuya doctrina es, a su juicio, de estricta aplicación a los hechos del presente recurso.

En el citado caso la Sra. Ducord había constituído hipoteca en garantía de cinco pagarés a la orden de don Arturo Hau. Posteriormente, Roberto H. Hau Schnabel, uno de los cinco herederos de Arturo Hau, adquirió la finca hipotecada por compra a la dueña Sra. Ducord. Dueño ya de la finca, Robert H. Hau Schnabel otorgó una escritura en la que hizo constar que era dueño del inmueble y tenedor de los cinco pagarés hipotecarios; que habiéndose confundido en él los derechos de deudor y acreedor, procedía la cancelación del gravamen, para lo cual daba su consentimiento, así como para que el notario inutilizara los cinco pagarés; y el notario dió fe de haber inutilizado los documentos. Presentada la escritura, el registrador se negó a practicar la cancelación de la hipoteca, porque estando la obligación hipotecaria representada por cinco pagarés a la orden de Arturo Hau y apareciendo de una escritura que tenía a la vista que el crédito hipotecario pertenecía en común y pro indiviso a los cinco herederos de Hau, entre los que figuraba Robert H. Hau Schnabel, era necesario, para poder efectuar la cancelación, que se presentase constancia de que los pagarés habían sido endosados o transferidos a Hau Schnabel, constituyendo a éste como poseedor o tenedor legal de los mismos. La nota denegatoria fué confirmada. Y debe serlo también en el caso de autos, pues no vemos que exista diferencia substancial alguna entre los hechos en uno y otro caso.

Si el pagaré de que se trata fuese un título al portador, bastaría para la cancelación de la garantía hipotecaria la constancia notarial de que el documento había sido presentado por el deudor al notario y que éste lo había inutilizado en el acto del otorgamiento de la escritura de cancelación. En ese caso el deudor puede pedir la cancelación por confusión de los derechos de deudor y acreedor, y ni el notario

ni el registrador estarían justificados al exigir al deudor que probase en qué forma había él adquirido el documento. Siendo éste un título al portador trasmisible por la mera entrega, la presunción legal es que si el deudor lo posee es porque lo ha pagado.

██ Se trata, sin embargo, de un pagaré a la orden de Rosendo Quiñones, el acreedor hipotecario, trasmisible solamente por endoso. Para cancelar la hipoteca que lo garantiza, es necesario que el tenedor legal del pagaré lo endose y lo entregue al deudor, quien podrá entonces presentarlo al notario para ser inutilizado. Y habiéndose convertido el deudor, por virtud de tal endoso, en dueño de su propia obligación, puede consentir en solicitar la cancelación de la inscripción hipotecaria, por confusión de derechos.

En el presente caso no se presentó ni al notario ni al registrador constancia alguna de que Rosendo Quiñones recibiera el importe del pagaré. Ni siquiera aparece de la escritura presentada al Registro que la entrega del dinero se hiciera en presencia del notario.

Si sostuviéramos que el endoso por Rosendo Quiñones era innecesario y que bastaba que el documento estuviese en poder del deudor, para que el registrador tuviera la obligación de cancelar, ello equivaldría a abolir por declaración judicial las diferencias legales existentes entre los títulos al portador y los trasmisibles por endoso.

*Se confirma la nota recurrida.*