Oscar Rosario y Doña Ana Luisa Rosario de Rosario, recurrentes, *v.* El Registrador de la Propiedad de Guayama, recurrido.

Número: G-63-7     Resuelto: 27 de enero de 1964

*Rafael Martínez Álvarez, Jr.,* y *Hernán C. Torres Platini,* abogados de los recurrentes. El Registrador recurrido compareció por escrito.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ MATOS emitió la opinión del Tribunal.

Oscar Rosario y su esposa otorgaron escritura pública bajo el nombre de "Constitución de Hipoteca en Garantía de Pagaré al Portador." En ella manifestaron que habían suscrito "un pagaré al portador por la suma de Ocho Mil Dólares . . . ." Sin embargo, el texto de la obligación transcrita en el documento, en lo pertinente, dice: "Pagaré hipotecario. Valor $8,000.00. Vencimiento: A la presentación. Debemos y pagaremos al portador, tenedor o legítimo endosatario de·esta obligación, o a su orden, a la fecha de su presentación, la suma de Ocho Mil Dólares . . . ."

■ Procedieron allí a constituir y constituyeron hipoteca sobre una finca urbana de ellos "para garantizar al portador, tenedor o legítimo endosatario el pagaré hipotecario emitido . . ." Presentada para su inscripción en el Registro se denegó la misma por nota que dice:

"EN SU VIRTUD Y OBSERVANDOSE que la constitución del gravamen hipotecario adolece de ambigüedad por cuanto mientras en el párrafo cuarto del título objeto de asiento declaran los deudores que el pagaré garantido es uno 'Al Portador', del texto del mismo transcrito en el título resulta que dicha obligación reviste la modalidad de ser pagadera 'al portador, tenedor o legítimo endosatario, o a su orden'; resultando del párrafo quinto del susodicho título que dicha obligación es una 'al portador, trasmisible por entrega o por endoso', constituyéndose la hipoteca 'a favor de la referida obligación y del legítimo portador, tenedor o endosatario de la misma', mientras que en el inciso 'F' del propio párrafo quinto se refiere al 'tenedor de la obligación hipotecaria'; resultando así dudoso el extender el asiento registral, si a favor del portador o a favor del endosatario y siendo

contrario a derecho extenderlo a favor del portador por entrega (portador) o del portador por endoso (endosatario) simultáneamente por ser ello opuesto al principio de especialidad y publicidad que exige certeza en los asientos del Registro para conocimiento de terceros y para la cancelación en su día que las modalidades que reviste el pagaré garantido, así como las empleadas en el título de 'trasmisible por entrega o por endoso' no significan lo mismo, siendo entidades hipotecarias distintas, así para los fines de la inscripción, la hipoteca que garantiza una obligación Al Portador y aquella que garantiza una obligación a la orden o trasmisible por endoso; todo ello de acuerdo con lo dispuesto en los artículos ochenta y dos y ciento cincuenta y tres de la Ley Hipotecaria y el ciento treinta y dos de su Reglamento y la doctrina de los casos 11 D.P.R. 14 y página 22 Expósito vs. Robert; 36 DPR 414 Mari vs. Registrador; 58 DPR 805 Hau vs. Registrador; 59 DPR 764 y página 767 Dominici vs. Registrador y 72 DPR 128 Banco de Ponce vs. Registrador, SE DENIEGA por tales fundamentos la inscripción solicitada y tomo en su lugar anotación preventiva por el plazo legal a favor del acreedor hipotecario de su derecho de hipoteca."

Después de un cuidadoso estudio del documento en cuestión, de las disposiciones legales aplicables y de nuestra jurisprudencia sobre la materia, no consideramos acertada la negativa de inscripción.

No existe ambigüedad, confusión o inexactitud que pueda inducir a error a tercero o que tienda a perjudicarlo, bien bajo los términos de la propia obligación que se garantiza o bien bajo los del gravamen que se constituye.—Art. 32, Ley Hipotecaria. Reconocemos, sin embargo, que el documento pudo redactarse con mayor claridad y propiedad, pero tal como lo está es suficiente. El Art. 153 de esa Ley dispone que las obligaciones transferibles por endoso o títulos al portador cuyo pago pueda asegurarse hipotecariamente, "podrán ser constituidas por el dueño de una finca o derecho, sin determinación específica del nombre del acreedor, otorgándolas genéricamente a la orden de la persona a cuyo favor puedan ser transferidos o endosados los títulos quirografarios por el hipotecante." El Art. 184 de su Reglamento ordena que "no

siendo posible hacer constar el nombre y apellido de la persona o personas a cuyo favor se hace la inscripción, por tratarse de títulos al portador, se expresará que la hipoteca queda constituida a favor de los tenedores de las obligaciones a que la escritura se refiera . . . ."

■ El principio hipotecario de especialidad invocado por el Registrador recurrido no impide la inscripción de la hipoteca en beneficio de persona indeterminada, puesto que la enmienda que en 1912 se hizo al mencionado Art. 153, como decidimos en *Banco Territorial y Agríc.* v. *Registrador*, 43 D.P.R. 222, 226 (Del Toro) (1932) "se apartó en cierto modo del principio de la especialidad permitiendo la inscripción a favor de personas desconocidas para el registro."

Ya en *Sucesión Franceschi* v. *Registrador*, 39 D.P.R. 736, 739 (Texidor), (1929) sobre la naturaleza y características de estas obligaciones, habíamos dicho:

"Podemos estar conformes con la doctrina de Aragonés, en cuanto a que la hipoteca para garantizar cuentas corrientes de crédito sea una que se refiere a obligaciones futuras, ya que la cuenta corriente, mientras lo es, mientras se halla en movimiento, no tiene en sí más que el germen de una obligación, que se determinará y fijará en un futuro más o menos remoto. Pero no convenimos en que tengan ese mismo carácter las que garantizan obligaciones endosables, o al portador; que en éstas la obligación existe desde un principio, la cantidad se halla determinada, la exigibilidad resuelta, y sólo *el nombre especial* del acreedor es variable, pero está fijo el nombre genérico de tal acreedor, endosatario, o portador. La hipoteca ha nacido desde el momento del otorgamiento de la escritura, y no ha de esperarse a que el nombre del acreedor se especifique y singularice, ya que en género está determinado."

La Ley Hipotecaria española de 1861 no autorizaba las hipotecas para obligaciones endosables o al portador, pero en su reforma de 1869 fueron admitidas. En la Exposición a las Cortes que con motivo de esa reforma se redactó, entre otras cosas, se dice:

"Para el objeto de la ley hipotecaria, para el crédito territorial, lo esencial es que el Registro dé a conocer las fincas graváadas y el importe de los gravámenes, sin que sea absolutamente necesario que se designen las personas que tienen derecho a exigir el cumplimiento de la obligación garantizada, lo cual se acreditará en los Tribunales de justicia cuando sea oportuno."

Los casos citados por el Registrador a la luz de las circunstancias que en ellos concurren, no son de aplicación al presente recurso. *La nota objeto de este recurso debe ser revocada.*