ESTEBAN LOZADA MERCED, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE CAGUAS, recurrido.

*Número:* O-70-240  *Resuelto:* 28 de septiembre de 1971

*Orlando A. Disdier,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El recurrente presentó en el Registro de la Propiedad, Sección Segunda de Caguas, Puerto Rico, una escritura de cancelación de mención de hipoteca constituida en garantía de un pagaré. En dicha escritura el compareciente, Don Esteban Lozada, luego de expresar que en determinada fecha adquirió por compra de los esposos Jorge L. Rodríguez y Aida A. Rodríguez Colón la finca urbana que allí se describe, expone:

"SEGUNDO: Que por la escritura mencionada en el hecho PRIMERO anterior el compareciente don Esteban Lozada y doña Octavia Morales Quiñones constituyeron hipoteca voluntaria en garantía de un pagaré a favor de don Jorge L. Rodríguez y doña Aida A. Rodríguez Colón de Rodríguez por la suma de CUATRO MIL CIEN DOLARES ($4,100.00), pagadero el día treinta de junio de mil novecientos setenta.

TERCERO: Que el mencionado pagaré a que se ha hecho referencia me ha sido entregado por el compareciente para su cancelación y yo, el notario hago constar que he cancelado con una nota y mi firma y sello el mencionado pagaré." (1)

_____

(1) Hay una anomalía que pasamos por alto ya que no tiene importancia sustantiva sino meramente de forma, y es que en los hechos primero y segundo de la escritura expone el compareciente y en los hechos tercero y cuarto expone el notario.

Solicita el compareciente la cancelación total de la hipoteca y la cancelación de su inscripción en el Registro de la Propiedad.

El Registrador denegó la cancelación solicitada:

"[P]or observarse que en el documento no se acredita que el pagaré transferible por endoso haya sido endosado o transferido en forma legal a favor del compareciente Esteban Lozada Merced; y tratándose de un pagaré a la orden de los esposos Jorge L. Rodríguez y Aida A. Rodríguez, los acreedores hipotecarios, transmisible solamente por endoso para cancelar la hipoteca que le garantiza, es necesario que los tenedores legales del pagaré lo endosen y lo entreguen al deudor quien podrá entonces entregarlo al notario para su cancelación, y en el presente caso no consta que se haya presentado al notario ni del documento se desprende constancia alguna que los esposos acreedores hayan recibido el importe del referido crédito hipotecario, todo ello en conformidad con la doctrina sentada en el Tribunal Supremo de Puerto Rico en los casos *Hau* v. *Registrador*, 58 D.P.R. 805 y *Dominici* v. *Registrador*, 59 D.P.R. 764, tomándose en su lugar anotación preventiva por 120 días a favor de Esteban Lozada."

El recurrente nos pide que revoquemos la nota del Registrador y ordenemos la inscripción de la escritura. Sostiene el recurrente que:

"Lo que tenemos ante nos es si el notario autorizante debe continuar entrando en detalles en cuanto a procedimientos que claramente competen a dicho notario, por los cuales responde él, o si es tiempo de que el Registrador le conceda la emancipación que como profesional merece y bastar con que el notario haga constar haber actuado sin entrar en detalles de cómo lo hizo, sujeto a la discreción del Registrador."

Cita en su apoyo en primer término el último párrafo del Art. 82 de la Ley Hipotecaria, 30 L.P.R.A. sec. 156, el cual, como veremos, no le favorece en nada. Luego cita el Art. 1143 del Código Civil, 31 L.P.R.A. sec. 3202, el cual no gobierna esta situación y finalmente nos pide que interpretemos liberalmente la Ley Hipotecaria para permitir lo que pretende.

Antes de seguir adelante observemos que en la escritura en cuestión no se expresa si el pagaré fue librado *al portador* o *a la orden*. Allí se expresa que se constituyó hipoteca voluntaria en garantía de un pagaré *a favor* de don Jorge L. Rodríguez y su esposa. En cada una de esas tres situaciones, las consecuencias a los efectos de esta controversia serían distintas. Pero tanto el recurrente como el Registrador nos informan en sus escritos que la realidad es que se trata de un pagaré a la orden de los esposos Rodríguez. Así hemos de tratarlo.

Discutamos brevemente primero los planteamientos del recurrente antes de expresar nuestro razonamiento y nuestra decisión. En primer lugar, el último párrafo del Art. 82 de la Ley Hipotecaria, 30 L.P.R.A. sec. 156, citado por el recurrente, dispone en lo pertinente que:

"Las inscripciones hechas para responder de cantidades representadas por títulos al portador o trasmisibles por endoso, se cancelarán presentándose la escritura otorgada por los que hayan *cobrado* los créditos, en la cual debe constar haberse inutilizado en el acto de su otorgamiento, los títulos endosables o al portador." (Bastardillas nuestras.)

En la escritura en cuestión no comparece el que *cobró* los créditos sino el que los debe o los debía. Regresaremos a esto más luego, pero baste por ahora señalar que por lo antes indicado dicho precepto de ley no cubre la situación que este caso plantea. Tampoco lo gobierna el Art. 1143 del Código Civil, 31 L.P.R.A. sec. 3202. Es cierto que allí, al tratar de la extinción de las obligaciones, el Código expresa que "siempre que el documento privado de donde resulte la deuda se hallare en poder del deudor, se presumirá que el acreedor lo entregó voluntariamente, a no ser que se pruebe lo contrario." pero esa es una presunción controvertible. También un contrato verbal es un contrato pero no puede acudirse con él al Registro de la Propiedad. El régimen del Registro de la Propiedad tiene el propósito de dar certeza

a las transacciones y dicho Art. 1143 por sí solo no basta, como veremos más adelante, para cancelar la hipoteca cuando el pagaré garantizado por ésta es uno a la orden y no al portador.

■ Lo que ocurre es que el derecho hipotecario, sin derogar los preceptos del Código Civil, los particulariza y afina al aplicarlos al régimen registral. Esto es así porque el derecho hipotecario es en gran medida una especialidad del derecho civil; "constituye una parte o aspecto del derecho civil," ha escrito Roca. Carece de sustantividad propia; no le interesa la estructura y contenido de los derechos reales, sino su dinámica, esto es, su adquisición, transmisión y pérdida.[2] El derecho hipotecario toma del derecho civil los conceptos ya elaborados acerca del dominio y de los demás derechos reales, pero llega a veces a conclusiones diferenciadas de las civiles.[3] Sobre su petición de que interpretemos la Ley Hipotecaria liberalmente para permitir lo que solicita, más adelante quedará explicado en esta opinión porqué no podemos acceder a ello.

■ El Registrador tiene razón. El pagaré en cuestión no es uno al portador, los cuales se transfieren por la mera entrega, sino que es uno a la orden, el cual se transfiere por endoso. Garantiza dicho pagaré un crédito hipotecario. No aparece de la escritura que el pagaré fue endosado por los acreedores a la orden de los cuales fue librado, ni se expresa en ella que los acreedores han recibido el importe del mismo. ¿De dónde surge, pues la certeza que necesita el Registrador para cancelar la hipoteca? Efectivamente, los casos de *Hau* v. *Registrador*, 58 D.P.R. 805 (1941) y *Dominici* v. *Registrador*, 59 D.P.R. 764 (1942) sostienen la posición del Registrador. Entendemos que allí se expresa la doctrina correcta sobre el

---

[2] Roca Sastre, *Derecho Hipotecario*, Tomo 1, 5ta. ed. (1954), págs. 9–13.

[3] Casso Romero, *Derecho Hipotecario o del Registro de la Propiedad*, 4ta. ed., Madrid (1951), págs. 8–9.

particular y no vemos razón alguna para revocarla. Nos explicamos a continuación.

■ Si el pagaré de que se trata fuese un título al portador, bastaría para la cancelación de la garantía hipotecaria la constancia notarial de que el documento había sido presentado por el deudor al notario y que éste lo había inutilizado en el acto del otorgamiento de la escritura de cancelación. Si ese fuese el caso el deudor podría solicitar la cancelación por confusión de los derechos del deudor y acreedor, y ni el notario ni el Registrador estarían justificados al exigir al deudor que probase en qué forma él había adquirido el documento. Tratándose, en ese supuesto, de un título al portador la mera entrega bastaría para trasmitirlo.

■ Pero en este caso se trata, sin embargo, de un pagaré a la orden, trasmisible solamente por endoso. Para cancelar la hipoteca que lo garantiza, es necesario que el tenedor legal del pagaré lo endose y lo entregue al deudor, quién podrá entonces presentarlo al notario para ser inutilizado. Habiéndose convertido el deudor, en virtud de tal endoso, en dueño de su propia obligación, puede válidamente consentir en solicitar la cancelación de la inscripción hipotecaria, por confusión de derechos. De sostener nosotros lo contrario equivaldría a abolir las diferencias legales existentes entre los títulos al portador y los transmisibles por endoso.

■ Distinto a lo que ocurre con hipotecas otorgadas *a favor* de personas determinadas, cuya cancelación requiere el consentimiento de la persona a cuyo favor se hubiese hecho la inscripción o anotación, o sus causahabientes o representantes legítimos, Art. 82, Ley Hipotecaria, hipotecas que garantizan obligaciones negociables pueden ser canceladas a instancia de las personas que hayan cobrado los créditos. Se permite esa excepción toda vez que en estos casos no tiene que surgir del Registro el nombre del acreedor hipotecario o el del cesionario del mismo, en su caso. El propósito de esta excepción al principio hipotecario de especialidad, *Ro-*

*sario* v. *Registrador*, 89 D.P.R. 850 (1964), fue extender al campo del crédito territorial instrumentos del ámbito comercial que facilitaran la cesión y transferencia de créditos garantizados con bienes inmuebles. Correspondiendo a este propósito también se quiso impartir seguridad a dichas transacciones proveyendo para que la garantía hipotecaria no se cancelara en el Registro sin que también se destruyera la negociabilidad del instrumento garantizado por la misma. A tales fines el notario viene obligado a hacer constar en la escritura de cancelación de hipoteca, que ha inutilizado el título endosable o al portador. *Porras* v. *Registrador*, 59 D.P.R. 595, 598 (1941); Roca Sastre, *Derecho Hipotecario*, Tomo IV, Vol. 2, 6ta. ed., Bosch, Barcelona (1968), pág. 739; Muñoz Morales, *Lecciones de Derecho Hipotecario*, Tomo II (1946), pág. 139.

¿Qué garantía ofreció el legislador al tenedor legal de un instrumento garantizado con hipoteca de que la hipoteca no se cancelaría sin su autorización? A tales fines dispuso el legislador en el citado Art. 82 de la Ley Hipotecaria que la cancelación se haría a instancia de la persona que haya *cobrado* el crédito. Esto implica que el legislador tuvo en mente que sería el *acreedor* y no el deudor quien acudiría al notario para otorgar la escritura de cancelación y que el notario daría fe de que conoce a la persona del acreedor y de que ésta fue la persona que cobró el crédito hipotecario. Claro, una vez satisfecha la obligación principal garantizada, tiene el hipotecante el derecho de pedir y obtener del acreedor ya pagado la cancelación y liberación de la finca hipotecada.

Pero teniendo en cuenta que en la práctica notarial puertorriqueña no es, por lo común, el acreedor que ha cobrado el crédito el que otorga la escritura de cancelación de la garantía hipotecaria, sino que generalmente la otorga el hipotecante que ya pagó, a quién para esos fines el acreedor hizo antes entrega del instrumento transferible, se ha per-

mitido que sea el hipotecante quien otorgue la escritura de cancelación de hipoteca como tenedor legítimo del instrumento. El que era deudor hipotecario y ya pagó tiene, desde luego, natural interés en la cancelación de la hipoteca. *Navedo Torres* v. *Registrador*, 87 D.P.R. 794, 797–798 (1963).

■ Pretender que se dispensen estos requisitos tendría el efecto de poner en riesgo de ser destruidos derechos garantizados por el Registro en perjuicio de sus titulares, a base de la mera presunción de que el notario autorizó una escritura de cancelación por persona con capacidad para otorgarla. Al establecerse mediante jurisprudencia una práctica no comprendida en el Art. 82, tenía la jurisprudencia que establecer también las necesarias salvaguardas. La seguridad y certeza que el Registro de la Propiedad debe garantizar no permite que sus asientos descansen en meras presunciones controvertibles. *Autoridad de Fuentes Fluviales* v. *Registrador*, 62 D.P.R. 753, 756 (1944) ; *Banco de Ponce* v. *Registrador*, 72 D.P.R. 128, 132 (1951).

*Se confirmará la nota recurrida.*

El Juez Presidente Señor Negrón Fernández no intervino.