NORTH AMERICAN MORTGAGE INVESTORS, ETC., ET AL., recurrentes, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BARRANQUITAS, recurrido.

*Número:* O-75-559      *Resuelto:* 27 de enero de 1976

*Fiddler, González & Rodríguez* y *Aurelio Emanuelli Belaval,* abogados de los recurrentes; El Registrador compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

Presentadas en el Registro de la Propiedad, Sección de Barranquitas, escritura de cancelación de pagaré al portador por $1,226,500.00, emitido por la corporación Hotel Coamo Springs, Inc., garantizado con hipoteca sobre inmueble perteneciente a ésta, y otra constituyendo nueva hipoteca por $840,000.00 sobre la misma finca en garantía de pagaré entregado a la financiera North American Mortgage Investors, el Registrador requirió como documentos complementarios el certificado de incorporación y constancia de la facultad de su presidente Hernández para otorgar la cancelación y constituir la nueva hipoteca.

Como demorara el presentante en producir dichos complementarios, el 30 de abril de 1974 el Registrador suspendió la inscripción con la siguiente nota: "Devuelto el presente documento que es copia de la escritura número 23 otorgada en San Juan, el día 19 de abril de 1973 ante el notario Enrique Córdova Díaz, y suspendida la inscripción del mismo por no

haberse acreditado las facultades de Abimael Hernández para la cancelación de la hipoteca extendiéndose en su lugar nota de Suspensión por 60 días según lo dispone la Ley 73 de 23 de junio de 1958 y lo notificado el día 30 de enero de 1974. Barranquitas, a 30 de abril de 1974."

■ En su alegato el Registrador reconoce que tenía dos alternativas bajo el Art. 19 [1] de la Ley Hipotecaria (30 L.P.R.A. sec. 44): denegar la inscripción o suspenderla "por medio de nota fundada . . . la cual durará sesenta días." Optó por suspenderla según aparece de su nota transcrita, pero omitió notificar la suspensión al presentante o a la parte interesada. No vemos más propósito en dicho término de 60 días que el de plazo final para presentar al Registro los documentos complementarios exigidos, [2] descartada su utilidad como término para recurrir al Tribunal Supremo que es el mucho más breve de 20 días (30 L.P.R.A. sec. 1773). La parte recurrente eventualmente presentó al Registro los citados

---

[1] La parte relevante de dicho Art. 19 dispone:

". . . Si el defecto insubsanable consistiese únicamente en la falta de acompañar algún documento complementario indispensable para la inscripción, anotación o cancelación, el registrador requerirá a las mismas personas y dentro del mismo término indicado, para que acompañen tales documentos complementarios, y, si éstas no lo hicieren, el registrador podrá denegar la inscripción, anotación o cancelación de acuerdo con el procedimiento establecido por ley, o suspenderla por medio de nota fundada que extenderá al margen del asiento de presentación, la cual durará sesenta días, y de ella podrá recurrirse para ante el Tribunal Supremo utilizando el remedio establecido en la Ley sobre Recursos contra las Resoluciones de los Registradores de la Propiedad, secs. 1771 *et seq.* de este título; Disponiéndose, que la notificación al presentante del documento o al interesado en la operación registral o al notario se hará constar al margen del asiento de presentación. . . ."

Se repite el requisito de notificación en el Art. 1 de la Ley sobre Recursos Gubernativos que en su texto ordena:

"Cuando el registrador deniegue o suspenda alguna inscripción, anotación o cancelación, expondrá al pie del documento, clara y concisamente, los motivos legales de su negativa y de ella notificará al interesado, quien firmará la notificación." 30 L.P.R.A. sec. 1771.

[2] Roca Sastre, *Derecho Hipotecario*, Tomo II, pág. 279, Sexta Edición, 1968.

documentos adicionales, ajena a y desconociendo la nota de suspensión de la que sólo se enteró por iniciativa propia. Resulta, por tanto, que faltando notificación, al traerse al Registro los complementarios, no había empezado a correr el término de 60 días dispuesto en el Art. 19.

Las facultades de Abimael Hernández, Presidente de Hotel Coamo Springs, Inc., para constituir hipotecas están acreditadas por certificación de un acuerdo de su junta de directores autorizándole expresamente a "otorgar y entregar pagarés, pagarés hipotecarios, giros . . . hipotecas sobre propiedad inmueble o mueble de la corporación, instrumentos de garantía, acuerdos y cualquier otra obligación de esta corporación a tales fines [tomar dinero a préstamo y obtener crédito de instituciones financieras] en la forma que satisfaga a éstas."

■ Tenía también facultad para cancelar el pagaré hipotecario emitido por Hotel Coamo Springs, pues tratándose de una obligación al portador en poder de la deudora se había extinguido la hipoteca por confusión de derechos y la cancelación no implicaba acto de *enajenación* dentro del contexto de los Arts. 82 de la Ley Hipotecaria (30 L.P.R.A. sec. 156) y 1604 del Código Civil (31 L.P.R.A. sec. 4425). Roca Sastre, *Derecho Hipotecario*, Tomo III, págs. 253–54, Edición 1968; *cf. Lozada Merced* v. *Registrador*, 100 D.P.R. 99, 104 (1971). En este caso de nada se desprendía la corporación en su perjuicio, sino que la cancelación viabilizaba la nueva operación de crédito que le permitió tomar $840,000.00 de la financiera recurrente.

*Se revocará la nota y se ordenará al Registrador la inscripción de las escrituras objeto del recurso que son las Núms. 23 y 24 de 19 de abril de 1973 ante el notario Enrique Córdova Díaz, con la prioridad que corresponde a sus respectivos asientos de presentación.*