RALSTON PURINA CO. and National Packing Co., Division of Ralston Purina Co., Plaintiffs, Appellees,

v.

NAVIERAS DE CANARIAS, S.A. (NAVICASA) and M/S PLAYA DEL MEDANO, Her Engines, Tackles, Apparel, Furniture and Equipment, John Doe and Richard Roe, Defendants, Appellants.

No. 79–1378.

United States Court of Appeals, First Circuit.

Argued Jan. 25, 1979.

Decided April 25, 1980.

A. Santiago Villalonga, Hato Rey, P. R., with whom Hartzell, Ydrach, Mellado, Santiago & Perez, San Juan, P. R., was on brief, for defendants, appellants.

Antonio M. Bird, Jr., San Juan, P. R., with whom Bird & Bird, San Juan, P. R., was on brief, for plaintiffs, appellees.

Before COFFIN, Chief Judge, WISDOM, Senior Circuit Judge,* CAMPBELL, Circuit Judge.

COFFIN, Chief Judge.

This appeal is from the district court's denial of appellant's motion for relief from a judgment of default, Fed.R.Civ.P. 60(b). "The law is settled that motions to set aside default judgments are addressed to the discretion of the trial court." *American & Foreign Ins. Ass'n v. Commercial Ins. Co.*, 575 F.2d 980, 982 (1st Cir. 1978). In this case, a mere statement of the facts demonstrates why we have absolutely no doubt that the trial court properly exercised that discretion.

Appellant, a common carrier, delivered a load of appellees' goods in allegedly damaged condition in late 1976. On February 25, 1977, appellee Ralston Purina Co. sent appellant a claim letter concerning the damage and a request for reimbursement of $45,000. After receiving no response, Ralston wrote a second such letter on May 31, 1977. Appellant responded by letter on June 14, 1977, stating that any claim should come from the actual charterer of the vessel, Ralston's subsidiary, National Packing Co.

On September 15, appellees' insurer, Highland Insurance Company, wrote its own claim letter to appellant seeking $50,-

* Of the Fifth Circuit, sitting by designation.

000. On October 31, both Ralston and National Packing filed a complaint in the district court for the sum requested in Ralston's claim letters. Service of process was made upon appellant through the Puerto Rico Long Arm Statute, 32 L.P.R.A. App. II R.4.7, and a copy of the summons and complaint were sent to appellants by registered mail on November 14, 1977.

Appellant failed to file an answer to the complaint. On February 14, 1978, the district court clerk entered the default. On October 6, 1978, the court entered final judgment for the amount claimed, $45,072.94. The record shows that appellant received actual notice of the final default judgment by December of 1978 at the very latest. Finally, on May 3, 1979, appellant filed its Rule 60(b) motion.

In attempting to secure a reversal of the denial of its motion, appellant does not even inform us of the major details of any meritorious defense, a necessary predicate to the reversal of a denial of a Rule 60(b) motion. *Id.* Instead, appellant makes the incredible assertion that it "cannot in any way be found negligent in not having answered the complaint." Appellant purports to support this assertion by claiming that a written note which it received from Highland Insurance Company on January 23, 1978, withdrawing Highland's own claim letter against appellant led it to believe that the complaint by the appellees had been withdrawn. Aside from the fact that this note was not signed by either plaintiff and was apparently received well *after* the time for filing an answer had already passed, it in no way explains the pattern of delay which was followed in the subsequent stages of the suit, including the waiting of almost half a year after final entry of the default before the filing of the motion for relief.

In light of the total and obvious meritlessness of this appeal, *the judgment of the district court is affirmed, with costs and reasonable attorney's fees to appellees under Fed.R.App.P. 38.*