LINCOLN SAVINGS BANK, Plaintiff,

v.

CARMELITA DEVELOPMENT
CORPORATION, Defendant.

Civ. No. 76–1152.

United States District Court,
D. Puerto Rico.

Dec. 22, 1980.

Woods & Woods, Santurce, P. R., for plaintiff.

Jorge L. Ezquierdo, Hato Rey, P. R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

The present is an action for ordinary mortgage foreclosure commenced before this Court on September 22, 1976.

Jurisdiction has been invoked pursuant to the diversity of citizenship provisions of Title 28 U.S.C. Section 1332. Plaintiff alleges it is a corporation organized under the laws of the state of New York, with its principal place of business in that same state. It is averred that defendant is a corporation organized and existing under the laws of the Commonwealth of Puerto Rico.

A review of the facts is necessary. On December 5, 1974, Caguas Federal Savings and Loan Association of Puerto Rico (CAGUAS), entered into a Loan and Pledge Agreement with defendant, wherein CAGUAS as a lender agreed to loan defendant a certain sum of money for the construction of a real estate project in the municipality of Rio Grande, Puerto Rico.

On that same date, CAGUAS also entered into a "Participation Agreement" with plaintiff (LINCOLN) AND Banco Mercantil de Puerto Rico (MERCANTIL) whereby LINCOLN acquired a 75% and MERCANTIL a 10% participation interest in the loan. They further agreed to make to CAGUAS advances in those very proportions in each advance that CAGUAS would make to defendant on that loan.

Defendant defaulted on the loan and, subsequently, CAGUAS agreed to assign to LINCOLN all of its rights, title and interest as lead bank under the Participation Agreement.

On September 22, 1976 LINCOLN filed the instant complaint against Carmelita. Default was entered against defendant on November 15, 1976 but the same was set aside when defendant alleged that its failure to plead during the time allowed by law was due to health problems of its attorney. No answer was tendered or filed together with the above mentioned request.

On December 15, 1976 defendant filed a motion to dismiss this action for lack of subject matter jurisdiction alleging lack of indispensable parties, namely, CAGUAS and MERCANTIL. It was alleged that CAGUAS' transfer of all rights, title and interest to LINCOLN was in bad faith. It was further alleged that CAGUAS and MERCANTIL were not included in the complaint because they were citizens of the Commonwealth of Puerto Rico and would defeat diversity jurisdiction. Plaintiff opposed that motion.

After a careful analysis of the facts in controversy, the late Chief Judge José V. Toledo determined the aforementioned assignment was not collusive within the meaning of 28 U.S.C. Section 1359.[1] Concerning the allegation that CAGUAS and MERCANTIL were indispensable parties the Court held that:

> "The present action is one of foreclosure of mortgage under the laws of the Commonwealth of Puerto Rico. Plaintiff has alleged that it is the holder of the

mortgage note and mortgage and that said mortgage is now due and payable. Under the Mortgage Law of the Commonwealth of Puerto Rico, Title 30, Laws of Puerto Rico Annotated, Section 1 *et seq.*, it is the holder of the mortgage note made to 'order' and of the mortgage the only party who can bring the foreclosure action. See *Mari v. Registrador*, 36 D.P.R. 414 (1927); *Colberg v. Banco Territorial y Agrícola*, 12 D.P.R. 319 (1907).

> The fact that Lincoln is the actual holder of the mortgage note, together with our previous finding that the assignment herein executed was valid, makes plaintiff the real party in interest. For these very same reasons, and once again because the substantive mortgage law of Puerto Rico so provides, *neither Mercantil nor Caguas are indispensable parties hereto under Rule 19(a) (sic) of the Federal Rules of Civil Procedure.* (Emphasis provided) In fact, they cannot be plaintiffs in this case, inasmuch as they are not holders nor co-holders of the mortgage herein sought to be foreclosed."

Since by March 8, 1977 there was still no answer to the complaint, entry of default was again requested and default was entered for the second time on March 17, 1977. On March 31, 1977 plaintiff filed a motion for default judgment and a hearing on default was held on May 20, 1977. On May 31, 1977 judgment on default was entered. No appeal was taken from this judgment.

It was not until September 19, 1977, a year after the filing of the complaint and almost six months after the second default was entered, that defendant filed a motion to set aside the judgment by default apparently under Rule 60(b)(3). This time the reason set forth was that defendant had substantial claims to file against LINCOLN and CAGUAS and again stated that they should be parties in this action. Intrinsic and extrinsic fraud to the Court was also alleged. This motion was denied by Order of Chief Judge Toledo on December 21, 1977 ruling that:

---

1. See Opinion and Order in the instant action dated February 7, 1977, at page 8.

"Although making no specific reference to Rule 60 of the Federal Rules of Civil Procedure, Title 28, United States Code, defendant has alleged that plaintiff committed intrinsic and extrinsic fraud to the Court. To substantiate this claim defendant alleges that the fraud consists in that although in the complaint it is averred that defendant pledged and delivered to plaintiff a demand *bearer* mortgage note in the amount of $10,425,000.00 which is the subject of foreclosure herein, the truth is that the note was a note to the order of Caguas Federal Savings and Loan Association. We find this allegation insufficient to constitute fraud under Rule 60, *supra*; that would merit the setting aside of the judgment entered herein. See generally 11 Wright and Miller, Federal Practice and Procedure, Section 2870."

No appeal was taken from this ruling.

On February 7, 1978 defendant, in a change of tactics, filed a petition under Chapter XI in the Bankruptcy Act and therefore all foreclosure proceedings were automatically stayed. On May 1, 1979, Bankruptcy Judge W. H. Beckerleg issued Findings of Fact, Conclusions of Law and Judgment, holding that:

"Plaintiff, a secured creditor, has been stayed for 15 months from enforcing the judgment entered in its favor by the U.S. District Court; the defendant has shown no reason why such delay should continue."

Accordingly, Judge Beckerleg ordered that judgment be entered in favor of plaintiff, and that the automatic stay in regard to the action herein be vacated. No appeal was taken from this judgment.

On April 25, 1979 defendant once again moved this Court to vacate the judgment entered on May 31, 1979 in favor of plaintiff. At the time of this new motion to vacate, 23 months had elapsed from the date the judgment was entered.

In another tactical change, which kept intact the dilatory strategy initiated by defendant from the very inception of this case,[2] the new motion was filed pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. The new grounds, asserted by a new legal representation, were that default was entered as a result of the prior attorney's abandonment of his client's claim and that "the judgment that Lincoln Savings Bank is seeking to enforce does not belong to it."[3]

This latter motion is now before us.

Rule 60(b) states:

"On motion and upon such terms as are just, the Court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding, or to grant relief to a defendant not actually

---

2. The pattern of delay in the instant case displays a far more situation of inexcusable dereliction than the one described in *Ralston Purina Co., et al. v. Navieras de Canarias, S. A., et al.*, 619 F.2d 152 (1st Cir. 1980).

3. See defendant's "Reply to the Supplemental Opposition to Motion to Vacate Judgment . . ." at page two (2) filed on May 30, 1979.

personally notified as provided in Title 28, U.S.C. Section 1655, or to set aside a judgment for fraud upon the Court. Writs of coram nobis in the nature of a bill of review, are abolished and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

A motion for relief under this Rule must be made within a reasonable time and further in the interest of finality, the Rule provides a maximum time for reasons (1), (2) and (3) so that in any event a motion made for such reasons must be made "not more than one year after the judgment, order or proceeding was entered or taken." Accordingly, a motion under clauses (1), (2) or (3) must be denied as untimely if made more than one year after judgment regardless of whether the delay was reasonable. *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699 (2nd Cir. 1972), certiorari denied 409 U.S. 883, 93 S.Ct. 173, 34 L.Ed.2d 139; *Ackermann v. U. S.*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950).

After enumerating five rather specific reasons for relief, Rule 60(b)(6) broadens the grounds for relief from a judgment by authorizing the Court, in the exercise of its sound discretion, to relieve a party or his legal representative from a final judgment, order or proceeding "for any other reason justifying relief from the operation of the judgment." The only time limitation upon relief under clause (6) is one of "reasonable time". See Wright and Miller, *Federal Practice and Procedure*, Vol. 11, Section 2866. Of course, to the extent clause (6) is applicable, it offers a means of escape from the one-year limitation that applies to motions under clauses (1), (2) and (3).

It is axiomatic that a motion for relief from a judgment under Rule 60(b) is a matter committed to the discretion of the Court. *American and Foreign Ins. Ass'n. v. Commercial Ins. Co.*, 575 F.2d 980 (1st Cir. 1978), *Ralston Purina Co. v. Navieras de Canarias, S. A.*, 619 F.2d 152 (1st Cir., 1980). However, as to motions under Rule 60(b)(6), the courts require a showing of exceptional or extraordinary circumstances to warrant the setting aside of a judgment. See *Ackermann v. U. S., supra; Klapprott v. U. S.*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949); *Gray v. Estelle*, 574 F.2d 209, 215 (5th Cir. 1978). This subdivision of the rule is available only in cases evidencing extraordinary circumstances and only when the relief sought is based upon "any other reason" than a reason which would warrant relief under other subdivisions of the rule. *Stradley v. Cortez*, 518 F.2d 488, 493 (3rd Cir. 1975).

Even though, clause (6) of Rule 60(b) broadens the grounds for relief from a judgment set out in the five preceding clauses, the broad power granted by this clause is not for the purpose of relieving a party from the free, calculated, and deliberate choices he has made. A party remains under the legal duty to protect his own interests. Moreover, relief should be denied on the ground that an insufficient showing of extraordinary circumstances has been made. *Ackermann v. U. S., supra.* The classic and most common example of this kind of case is that in which a party comes in more than a year after judgment with new legal representation to assert that it is a victim of some blunder of his prior counsel. All blame is placed on him. But although this claim is easily asserted, it is not easily accepted by the Courts that have repeatedly held that such a circumstance is not so extraordinary as to bring Rule 60(b)(6) into play. *Hawkins v. Lindsley*, 327 F.2d 356 (2d Cir. 1964). These claims seem to be the subject of relief under a Rule 60(b)(1) motion under such grounds as mistake, inadvertence and excusable neglect, *Universal Film Exchanges, Inc. v. Lust*, 479 F.2d 573 (4th Cir. 1973); *Costa v. Chapkines*, 316 F.2d 541 (2d Cir. 1963) if brought within reasonable time.

█ In the present case, the extraordinary circumstances which should move a court to grant relief from judgment in accordance with Rule 60(b)(6) are absent. This motion being brought to this Court upon "counsel's abandonment of client's claim", there is no doubt that the adequate procedural mecha-

nism was Rule 60(b)(1). Accordingly, defendant herein cannot avoid the one year limitation applicable to clause (1) and thus its motion must be rejected as untimely.

Furthermore, in order to prevail, the movant must demonstrate that he has a meritorious defense and that arguably one of the four conditions for relief applies: mistake, inadvertence, surprise or excusable neglect. We find that defendant's deliberate decision not to file an answer enumerating his client's defenses cannot be classified as excusable neglect under Rule 60(b)(1).[4] In this context the words of the Supreme Court in the case of *Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–634, 82 S.Ct. 1386, 1390–1391, 8 L.Ed.2d 734 (1962) are in point. Upholding the dismissal of an action for the failure of plaintiff's attorney to appear at a pretrial conference after other instances of dilatory behavior it ruled:

> "There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have notice of all facts, notice of which can be charged upon the attorney. *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1879)."

It is not for us to decide at this time what action can a client take against a negligent attorney but it should be mentioned that the Supreme Court explicitly pointed out in *Link, supra*, 370 U.S. 626 at n. 10, 82 S.Ct. 1386 at n. 10, that if the attorney's conduct was substantially below what was reasonable under the circumstances, the client's remedy was a suit for malpractice. See also *Schwarz v. United States*, 384 F.2d 833 (2d Cir. 1967).

The policy of finality is and should be strong. Only when faced with unusual factors should equitable principles encompassed within this rule justify further inquiry. *Brothers Inc. v. Grace Manufacturing Co.*, 320 F.2d 594 (5th Cir. 1963). A review of the motion before us reveals that defendant's new counsel does not deny the legitimacy of plaintiff's claim but reasserts his defenses of absence of indispensable parties and ownership of the loan matters which have already been adjudicated adversely to defendant by this Court and from which no appeal was taken.[5]

Consequently, we find that said defenses are barred by the doctrine of *res judicata* which prevents re-litigation of issues between parties or their privies when a court of competent jurisdiction has previously entered a final judgment on the merits. See *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974); cf. *Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir. 1974), cert. den. 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316. The burden of undermining a default judgment rests heavily upon the party challenging the judgment, and should the attack fail, (as in the instant case), the judgment becomes no less final and determinative on the merits of the controversy than a decree entered after full trial. *Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151 (5th Cir. 1979).

Moreover, under the well known "law of the case" doctrine, courts should not reconsider issues which have already been decided in an action. *Messenger v. Anderson*, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). However, where good reason exists, which is not the case here, prior rulings can

---

**4.** It should be noted that defendant's new legal representation did not tender an answer to the complaint together with his motion to vacate judgment of April 25, 1979. In fact, no answer has yet been filed.

**5.** It is now well established that orders denying a motion for relief from a judgment under Rule 60(b) of the Federal Rules of Civil Procedure are both final and appealable. *Cinerama Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 72 (2d Cir. 1973).

be reevaluated taking into account the changed circumstances. *Zdanok v. Glidden Co.*, 327 F.2d 944 (2d Cir. 1964), cert. den. 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964).

 It should be stressed that a motion pursuant to Rule 60 has never been considered as a substitute for a timely appeal. Otherwise, the scheme of time limitations provided in the Rules of Appellate Procedure, seeking the proper and expeditious disposition of cases decided by District Courts, would be rendered useless. The finality of matters adjudicated could not be achieved. Indeed, it would be at the mercy of the ingenuity of the legal representation of the parties. Clearly, such a result is not permissible. In other words, a defeated litigant cannot circumvent the time limitations on appeal by means of belated motions under Rule 60(b) cf. *Wagner v. United States*, 316 F.2d 871 (2d Cir. 1963).

WHEREFORE, in view of the foregoing, defendant's motion to set aside judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure is hereby DENIED.

IT IS SO ORDERED.